UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NUMBER: 08-CV-01391 LTB-KLM

KAYABROAGO SINGUEBEOGO,

        Plaintiff,

vs.

ECOLAB, INC.,

        Defendant.

## PROTECTIVE ORDER FOR THE
## CONFIDENTIALITY OF DOCUMENTS AND THINGS

Pursuant to the Joint Motion for Protective Order for the Confidentiality of Documents and Things submitted by the parties, and good cause appearing,

IT IS HEREBY ORDERED that the following terms and conditions shall govern the production and protection of confidential documents and materials produced in this litigation by Ecolab Inc. This Protective Order shall apply to documents, materials, and information that, in whole or in part, contain confidential, competitively sensitive, trade secret, and proprietary information that is produced by Ecolab.

1. All documents, materials and information that are obtained from Ecolab that do not constitute trade secret, confidential, competitively sensitive or proprietary information are not the subject of this Protective Order.

2. Information that constitutes trade secret, confidential, competitively sensitive or proprietary information shall be stamped "Confidential". The stamp shall be placed on each document so as to not interfere with the print or type face of the document rendering the document unreadable. Further, the "Confidential" stamp shall be placed on the document in such a fashion so that the stamp cannot be excised from the document.

3. All documents, materials, and information produced herein by Ecolab and designated as confidential shall be securely maintained and kept confidential in accordance with the terms of this Protective Order.

4. At any time before the final judgment in this case, should any party dispute the designation of any documents, materials, or information as Confidential and that which should not be protected under the terms of the Protective Order, any party may apply to this Court for an Order relieving them of the terms of the order upon a finding by this Court that the document, materials, or information does not qualify as a trade secret or confidential, competitively sensitive and/or proprietary information. The burden of establishing confidentiality rests with Ecolab.

5. All transcripts, depositions, exhibits, or other pleadings or filings in this action that contained or otherwise set forth documents, information, or other materials, or the contents thereof, which have been previously designated by Ecolab as confidential, shall likewise be subject to the terms of this Protective Order. Any such transcripts, depositions, exhibits, pleadings, or other such documents or materials containing such confidential information, which are filed with this Court, shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the words "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER,**" and ~~a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.~~ shall be filed /km pursuant to D.C. Colo. LCivR. 7.2 and 7.3.

6. Within the confines of this litigation, the parties and the parties' attorneys are free to share the information contained in the documents with attorneys or to their technical consultants and/or experts who are assisting the parties' counsel in the prosecution of this case.

7. Anyone working in the parties' counsel's office on this case must be familiarized with the terms of this Protective Order and be instructed that they are bound by the Protective Order just as the parties' counsel are bound by the Protective Order.

8. Within the confines of this litigation, if the documents, materials, and/or information are to be disclosed to technical consultants and/or experts to assist in the preparation of this matter for trial, the parties' counsel shall first obtain the written agreement of such technical consultant and/or expert to be bound by the terms of the Protective Order. The requirement of obtaining such written agreement may be satisfied by obtaining the signature of any such technical consultant and/or expert on a copy of the Protective Order, having first explained the contents thereof to such person.

9. The parties' counsel shall maintain a list of the names of all persons identified in paragraph 7 and 8 to whom the information is disclosed until such time as all materials covered by the Protective Order are returned to counsel for Ecolab as set

forth elsewhere in this Protective Order. Said persons shall, by reviewing the documents, and experts or consultants by reviewing the documents and signing a copy of the Protective Order, agree to jurisdiction of the United States District Court for the District of Colorado over their person for the purposes of any action seeking to enforce the terms and conditions of the Protective Order or any action for contempt for violation of the terms of the Protective Order.

10. The parties, the parties' counsel, technical consultants, and/or experts shall not advertise nor otherwise publish that they have the information obtained from Ecolab through discovery in this case whether described specifically or generally.

11. The parties, the parties' counsel, technical consultants, and/or experts shall not otherwise sell, offer, advertise, publicize, nor provide under any condition, the documents, materials, or information provided by Ecolab to any competitor of Ecolab or others who might exploit the materials and information for economic gain.

12. At the conclusion of this litigation, the documents or other information (including all copies) produced under this Protective Order shall be returned to Ryan L. Nilsen, counsel for Ecolab.

13. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated: March 3, 2009.

Judge for the U.S.D.C. for the District of Colorado

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT A

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT
## RE CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that the undersigned has read the Protective Order regarding confidentiality entered in the action entitled <u>Singuebeogo v. Ecolab Inc.</u>, Case No. 08-CV-01391, on _____, 2009; that the undersigned understands the terms thereof and that the undersigned individually and on behalf of _____, agrees to be bound by such protective order; and that the undersigned acknowledges the jurisdiction of the United States District Court for the District of Colorado and agrees to be bound by the jurisdiction of the Court for purposes related to this protective order.

DATED: _____

_____
(signature)

_____
(print name)

_____

_____
(address)